IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

ROBERTA FOSBINDER-BITTORF,
on behalf of herself and all others
similarly situated,

                      Plaintiff,                  OPINION AND ORDER

  v.

                                                    11-cv-592-wmc

SSM HEALTH CARE OF WISCONSIN, INC.,

                      Defendant.
───────────────────────────────────────────────

      On behalf of herself and others similarly situated, plaintiff Roberta Fosbinder-Bittorf brings this action alleging that defendant SSM Health Care of Wisconsin, Inc., denied Fosbinder-Bittorf and other employees base and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Wisconsin state law. (Am. Compl. (dkt. #34).) Presently before the court are the parties' joint motions for preliminary approval of their settlement agreement and for class certification under Federal Rule of Civil Procedure 23. (Dkt. ##129, 130.) In a telephonic conference with the parties on July 26, 2013, the court granted both, and now issues this written opinion to ensure completeness of the record. In that hearing, the court also set a fairness hearing for October 23, 2013, at 1:00 p.m.

BACKGROUND

      Plaintiff filed this class and collective action on August 23, 2011. (Compl. (dkt. #1).) Fosbinder-Bittorf alleges that SSM Health Care of Wisconsin, Inc. maintained an automatic meal break deduction policy which caused the putative class members and her

to spend time working without proper compensation, including overtime. The court previously granted plaintiffs' motion for conditional certification of an FLSA collective action, which defined the collective action members as:

> All persons who have been or are currently employed by SSM as a nurse at St. Mary's Hospital and who have been denied minimum and/or overtime wages for on duty meal periods at any time three years prior to the commencement of this lawsuit to the present.

(3/21/13 Opinion & Order (dkt. #100) 8-9.)  From the docket, it appears that approximately 14 individuals have opted into the FLSA collective action (not including the named plaintiff).

Plaintiff's proposed Federal Rule of Civil Procedure 23 class pursuing claims under Wisconsin state law is defined as:

> All persons who have been or are currently employed by SSM as a nurse at St. Mary's Hospital at 700 South Park Street in Madison, Wisconsin during the period from August 23, 2009 and April 13, 2013.

(Joint Stip. (dkt. #130) ¶ 2.)

Plaintiffs retained an expert to create a damages model.  Under this model, the class members will receive an average of $1,625.50.  (A review of Exhibit A to the Settlement Agreement shows a range from $0 to a little over $6,000; the named plaintiff will receive about $3,000.)  The brief in support of both motions explains the process for determining individual awards:

1) For each putative class member, Plaintiffs calculated the exact number of meal period for which they were not paid during the relevant statutory period.

2) Then for each class member, plaintiffs determine whether the uncompensated time would be paid at the regular or overtime rate.

3) Next, the class members, hourly rate (whether regular or overtime) was multiplied by the unpaid break time.

4) After that, for FLSA opt-ins, 100% liquidated damages were added; for non-FLSA opt-ins, 50% liquidated damages were added.

5) This amount represents each class member's "maximum claim value." Each claim value was then assigned a pro-rata percentage based on the class member's respective portion of the entire class's maximum claim value.

6) These pro rata percentages were then multiplied by the settlement fund (but it looks like it was just multiplied by the $2,303,333.33 that was apportioned to cover class damages, and not the portion allotted to cover attorney's fees).

(Combined Br. (dkt. #131) 7-8; *see also* Parsons Decl. (dkt. #132) ¶¶ 8-13.)

The parties participated in a mediation with retired Magistrate Judge Denlow from the Northern District of Illinois on June 6, 2013. The parties agreed to settle the dispute for a total of $3,500,000, inclusive of attorney's fees and costs. Plaintiffs' counsel will ask the court for an award of attorney's fees not to exceed $1,116,666.66, or one third of the settlement fund. If the court grants an award which is less than 25% of the settlement fund, plaintiffs have the right to void the settlement.

ORDER

I. **Preliminary Settlement Approval**

1. Based upon the court's review of the plaintiff's unopposed motion for preliminary approval of settlement agreement (dkt. #129), and all corresponding exhibits and papers submitted in connection with the motion, the court grants preliminary approval of the settlement.

2. The court concludes that at this preliminary stage, the proposed settlement "is within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*,

616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

3.  The court finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

4.  While the court is satisfied that the settlement is facially reasonable, it intends to scrutinize plaintiff counsel's application for attorneys' fees when the time comes for final approval of the settlement. Specifically, the court may use counsel's hourly billing records and billing rates as a factor in determining an appropriate fee award.

## II. Certification of the Rule 23 Class

5.  For settlement purposes only, the court certifies the following class under Fed. R. Civ. P. 23(e) (the "Rule 23 Class"):

> All persons who have been or are currently employed by SSM as a nurse at St. Mary's Hospital at 700 South Park Street in Madison, Wisconsin during the period from August 23, 2009 and April 13, 2013.

6.  The Rule 23 Class meets all of the requirements for settlement class certification under Fed. R. Civ. P. 23(a) because:

    a)  there are more than 1,400 putative class members and thus joinder is impracticable;

    b)  the class members share common alleged issues of fact and law, including whether defendant failed to pay plaintiff and the class members proper

        overtime and minimum wages as required under Wis. Stat. §§ 103.03, 104.02, 109.03;

    c)   the class representative Roberta Fosbinder-Bittorf's claims arise from the same factual and legal circumstances as the Rule 23 class members; and

    d)   Class counsel are qualified, experienced, and able to conduct the litigation and because the named plaintiff's interests are not antagonistic to the class members' interests.

7.    The Rule 23 Class satisfies Fed. R. Civ. P. 23(b)(3) for purposes of a settlement class because common factual allegations and a common legal theory predominate over any factual or legal variations among class members. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.

**III. Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative.**

8.    The court appoints Hawks Quindel, S.C. and Habush Habush & Rottier, S.C. as class counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g).

9.    Class counsel did substantial work identifying, investigating, prosecuting, and settling FLSA and the Rule 23 Class members' claims.

10.    Class counsel's attorneys have substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and are well-versed in class action and wage-and-hour law. The Western and Eastern Districts of Wisconsin

have both found Hawks Quindel to be adequate class counsel in employment law class actions in the past.

11.   The work that class counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

12.   The court appoints plaintiff Roberta Fosbinder-Bittorf as class representative.

### IV. Class Notice and Settlement Procedure

13.   The Court approves the Proposed Settlement Notice (dkt. #135-2), including changes authorized during today's conference call for possible inclusion as the parties deem appropriate and necessary to insure fairness to all members of the class. The court directs the distribution and filing of the Notice.

14.   Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

15.   The Notice satisfies each of these requirements and adequately put the Rule 23 class members on notice of the proposed settlement.

16.   The Court approves the following settlement procedure and timeline:

    a) No later than August 27, 2013, class counsel will mail the Notice of Settlement to the class members.

    b) Class members will have 42 days from the date of the mailing to review the terms of the Notice and submit a request to be excluded or any objections.

    c) No later than October 2, 2013, class counsel shall file a petition for attorneys' fees and costs.

    d) The court will hold a fairness hearing on October 23, 2013, at 1:00 p.m.

17. The court preliminarily approves the settlement and finds that it was reached as a result of vigorously-contested litigation to resolve bona fide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982).

Entered this 26th day of July, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge