IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERTA FOSBINDER-BITTORF,
on behalf of herself and all others
similarly situated,

                     Plaintiff,                  OPINION AND ORDER

    v.

                                                11-cv-592-wmc

SSM HEALTH CARE OF WISCONSIN, INC.,

                     Defendant.

---

Pursuant to an unopposed motion, the parties seek final approval of their settlement of this hybrid action alleging wage and hour violations as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and as a class action pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Minnesota. (Dkt. #147.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement, the court will approve the settlement and certify a Rule 23 class for that purpose. (Dkt. #137.)

Today, the court held a fairness hearing at which only the parties' counsel appeared. Based on their representations, the parties' written submissions, the lack of any objections, and the entire record in this case,[1] the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure

---

[1] Among other consideration, the court notes that 27 individuals, representing less than 2% of the class, excluded themselves from the settlement and no individuals objected to the settlement.

23(e) and that the settlement represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

 Also before the court is class counsel's petition for costs and attorney's fees. (Dkt. #139.) Class counsel seeks $1,166,666.66 in attorney's fees and costs, representing 33.33% of the settlement fund.[2] The court has reviewed class counsel's arguments in support of this award (Br. in Supp. of Mot. for Atty's Fees, (dkt. #140)), declarations by class counsel from each firm (dkt. ##141-142), class counsel's detailed time records (dkt. ##141-1, 141-2) and declarations by three third party attorneys (dkt. ##143-145). Class counsel (1) expended considerable resources litigating this matter, including more than 1,100 attorney hours, totaling approximately $379,000 if billed hourly; and (2) entered into a contract with the named plaintiff upfront in which she agreed to a payment of 33.33% of the gross recovery plus costs. Although such an agreement with a sole representative of the class is not binding absent advance approval by the court, the court is separately satisfied this fee agreement, although high, is reasonable given: (1) the advanced stage of this case at the time of settlement (substantial discovery disputes, an opposed collective action certification and a motion for summary judgment); (2) the factual and legal uncertainties regarding plaintiffs' claims; (3) a 33.33% fee award appears consistent with market rates and for similar hybrid FLSA and Rule 23 class actions in this district; and (4) a resolution of the entire case is in the best interest of the

---

[2] Class counsel represents that they incurred approximately $33,476.57 in costs to date, but agrees not to seek compensation for those costs beyond the fee request.

class members, none of whom have objected to the fee request.[3] Accordingly, the court will award attorney's fees and costs in the total amount of $1,166,666.66.

ORDER

IT IS ORDERED that:

1) plaintiffs' unopposed motion for final approval of the settlement agreement (dkt. #147) is GRANTED and the parties are directed to carry out its terms and provisions;

2) the enhancement payments to Roberta Fosbinder-Bittorf in the amount of $15,000 and to Carolyn Manna, Trisha Bratten, and JoLynn Meyers in the amounts of $5,000 each are APPROVED;

3) class counsel's petition for costs and attorneys' fees (dkt. #139) is GRANTED in the requested amount of $1,166,666.66;

4) settlement payments as defined in the Section 5 of the Settlement Agreement (dkt. #135) and in the court's preliminary approval order are APPROVED; and

5) this action is dismissed on the merits with prejudice, the court expressly retains jurisdiction to enforce the terms of settlement and the clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 23rd day of October, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[3] As indicated at the hearing, the court urges class counsel to consider seeking approval of a fee schedule earlier in cases of this kind. *See Silverman v. Motorola Solutions, Inc.*, Nos. 12-2339, 12-2354, 2013 WL 4082893, at *1 (7th Cir. Aug. 14, 2013).